UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIGHTPOINT DISTRIBUTION, LLC, An Indiana limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL DATA DEVICES, INC. a New Jersey corporation, <br><br> Defendant. | No. 1:16-cv-01202-TWP-DLP |

### ORDER ON MOTION TO EXCLUDE

This matter comes before the Court on Plaintiff's Motion to Exclude Non-Disclosed Witnesses from Testifying (Dkt. 102). The Motion has been referred to the Undersigned for ruling.

Federal Rule of Civil Procedure 26(a)(3)(A) requires parties to disclose the names and contact information of each witness they may use at trial. Rule 26(a)(3)(B) requires these disclosures to be made at least 30 days before trial. If a party fails to timely disclose witnesses, Rule 37(c)(1) requires the Court to exclude those witnesses from testifying, unless the failure to disclose was substantially justified or harmless. The courts apply a four-factor test to determine if a failure to disclose was harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in

not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

After the Final Pre-Trial Conference, the Court continued the trial from August 20, 2018 to February 19, 2019. Based on this new date, factors one, two, and three all weigh in favor of finding that Defendant's failure to comply with Rule 26 was harmless. Any prejudice or surprise that could have resulted from Defendant's failure to comply with Rule 26 has been independently cured by the Court's six-month continuance of the trial date. The continuance also greatly reduces the likelihood of disruption at trial. Finally, as the Plaintiff acknowledges, there is no evidence that Defendant's failure to disclose was done in bad faith. (Dkt. 102 at 4).

Based on the new trial date and the lack of evidence to support a finding of bad faith, the Undersigned finds that all four factors weigh in favor of the Defendant's failure to comply with Rule 26(a)(3)(A) being deemed harmless. Accordingly, Plaintiff's Motion is **DENIED**.

So ORDERED.

Date: 11/13/2018

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via
email generated by the Court's ECF system.