UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIGHTPOINT DISTRIBUTION, LLC, an Indiana limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:16-cv-01202-TWP-DLP |
| DIGITAL DATA DEVICES, INC., a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | |

### **O**RDER ON **M**OTION TO **C**OMPEL AND **R**EQUEST FOR **S**ANCTIONS

This matter comes before the Court on Plaintiff's Motion to Compel Production of Sales Documents and Request for Sanctions (Dkt. 104). The matter has been referred to the Undersigned for a ruling. The Undersigned, having considered the Motion and provided the parties an opportunity to discuss the matter orally, now **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

The Plaintiff asserts that the Defendant has failed to supplement its discovery responses by withholding documents relating to the sale of 16,823 pieces of Jawbone UP products (the "Jawbone Inventory") to Cellular Network Communication Group Limited ("Cellular Network"). Thus, Plaintiff's Motion seeks to compel the production of all documents relating to this sale and requested sanctions for the Defendant's failure to supplement its discovery responses. The Defendant contends that it should not have to produce these documents because

they are irrelevant to the issues at trial, it has fully complied with its discovery obligations, and Plaintiff's request for the information is late.

First, evidence is relevant if it "makes the existence of any fact at issue more or less probable." *Huddleson v. United States*, 485 U.S. 681, 687, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). The documents that the Plaintiff seeks are relevant to the issues presented at trial in this case and, thus, are discoverable.

Second, litigants are under a continuing obligation to supplement their discovery responses if they later learn that a response is materially incomplete or inaccurate. *See*, Fed. R. Civ. P. 26(e). Parties may be relieved of this duty, however, in two circumstances: (1) when the omitted information has been made known to the other parties during the discovery process or in writing; *see* Fed R. Civ. P. 26(e)(1)(A); and (2) when the information sought is publicly available and equally accessible. *See In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prod. Liab. Litig.*, No. 1:14-ML-2570-RLY-TAB, 2017 WL 4099209, at *4 (S.D. Ind. Sept. 15, 2017); *Ford v. Hamilton Cty. Juvenile Court*, No. 1:05–CV–557, 2007 WL 2302816, at *8 n. 6 (S.D. Ohio Aug. 8, 2007).

Here, Plaintiff submitted Interrogatory No. 13 and Request for Production No. 14 to Defendant, which sought information and documentation concerning Defendant's attempts to sell the Jawbone Inventory. (Dkt. 104–1 at 11, 26). Defendant originally responded to these discovery requests in December 2016 and made supplemental production in February 2017. In the supplemental production,

Defendant noted that it had been unsuccessful in attempting to sell the Jawbone Inventory. *Id.*

A few months later, however, on July 11, 2017, Ely Eddi, the principal and sole shareholder of Digital Data, was deposed. During this deposition, Eddi testified that Digital Data had sold the Jawbone Inventory for approximately $200,000 to Cellular Network.

About a year following the deposition, on July 13, 2018, Brightpoint sent a letter to Digital Data requesting confirmation that it was both still in possession of the Jawbone Inventory and that it had produced all documents related to its efforts to sell the inventory. In response, on July 19, 2018, Digital Data provided Brightpoint with purchase orders that supported Eddi's 2017 deposition testimony that it had sold the Jawbone Inventory to Cellular Network. In addition, Digital Data explained that even though it had sold the products, it had not received any payments from Cellular Network. After receiving the purchase orders, on July 23, 2018, Brightpoint requested any additional documents that Digital Data had related to the sale to Cellular Network, including a bill of sale, invoices, and any communications.

The Defendant argues that the Plaintiff's July 23, 2018 request for supplemental discovery is untimely and that, therefore, Defendant should not have to produce the supplemental documentation. Plaintiff is under no obligation to request supplementation of discovery responses—it is Defendant's duty to supplement its responses if they materially change. *See Arthur v. Atkinson Freight*

*Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995). When Digital Data's responses regarding the sale of the Jawbone Inventory materially changed, it was under an obligation to supplement its discovery responses at that time. Therefore, the Undersigned is not persuaded by the Defendant's argument that the Plaintiff's discovery request should be denied for being untimely.

Lastly, the Plaintiff has requested that the Defendant be sanctioned for failing to disclose the sale of the Jawbone Inventory. The Undersigned does not believe that sanctions are appropriate here. The Court is guided by Federal Rule of Civil Procedure 37(c)(1). This Rule states in pertinent part:

> If a party fails to provide information . . . as required by Rule 26(a) or (e) the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless. In addition to or instead of this sanction the Court on motion and after giving an opportunity to be heard: . . . may impose . . . appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). In essence, Rule 37(c) requires the Court to assess whether the offending party was substantially justified in failing to comply or whether its failure was harmless. *See Musser v. Gentvia Health Services*, 356 F.3d 751, 755 (7th Cir. 2004). The Undersigned finds that the Defendant's failure to supplement was harmless. The Defendant disclosed the sale of the Jawbone Inventory to Plaintiff during the deposition of Mr. Eddi in July 2017, and in response to the Plaintiff's request for documentation, the Defendant provided the Plaintiff with purchase orders of the sale. While the full production of this information was untimely, the sale itself was adequately disclosed during discovery. Additionally, any prejudice

that the Plaintiff might have suffered from the delayed disclosure has been further mitigated by the Court's continuance of the bench trial from August 20, 2018 to February 19, 2019 (Dkt. 120).

Therefore, Plaintiff's Motion to Compel and Request for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request to compel production is **GRANTED**. On or before **January 18, 2019**, Defendant is **ORDERED** to supplement its responses to Request for Production No. 14 and Interrogatory No. 13 and produce all documents, related to its efforts to sell the Jawbone Inventory to Cellular Network or any other party, that have not already produced. Plaintiff's request for sanctions is **DENIED**.

So ORDERED.

Date: 12/14/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.